UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| DEREK LAPLUME ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | |
| vs. ) | |
| ) | |
| STELLAR RECOVERY, INC ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

### *I.     INTRODUCTION*

1. This is an action brought under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. 227 *et seq*, The Fair Debt Collection Practices Act and The Maine Fair Debt Collection Practices Act.

### *II.     JURISDICTION AND VENUE*

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331, for the TCPA claims. *See Also* Mims v Arrow Financial Services, 132 S. Ct. 740 (2012) (resolving a split between the Circuits and holding that Federal Jurisdiction does exist for private TCPA claims).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacted business in this district.

### III.    PARTIES

4. Plaintiff, Derek Laplume, is a natural person residing in Cumberland County Maine.

5. Defendant, Stellar Recovery, Inc. ("Stellar") is a Corporation created under the laws Florida with a principal place of business located at 4500 Salisbury Road, Suite 105, Jacksonville, FL 32216.

6. Defendant has a registered agent in Maine: Business Filings Incorporated located at 1536 Main Street, Readfield, ME 04355.

### IV.    FACTUAL ALLEGATIONS

7. The Plaintiff never provided the Defendant with his cellular telephone number.

8. The Plaintiff never informed the Defendant by any means that he authorized them to contact his cellular telephone.

9. The Plaintiff's cellular phone number is (207) 698-0281.

10. The Plaintiff received calls as to his cellular phone on the dates and times listed in exhibit A.

11. The Plaintiff received at least 18 calls between January 28, 2015 and April 1, 2015 on his cellular phone.

12. The nature of the Defendant's conduct towards the Plaintiff implies that they have conducted these violations in a widespread manner.

13. Upon information and good faith belief, the calls were placed by an "autodialler" or predictive dialer.

14. These calls did not provide the Plaintiff with any new information about the debt.

## VI. CLAIMS FOR RELIEF

### <u>COUNT I</u>
### DEFENDANT'S VIOLATIONS OF 47 U.S.C. § 227

15. Plaintiff repeats and re-alleges each and every contained herein as if fully stated within this count. allegation

16. The TCPA makes it unlawful for any person to make a call using any automatic telephone dialing system or an artificial or prerecorded voice: "(iii) to the telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A)(ii).

17. The Statutory scheme of the TCPA provides for a private action for violations of the statute: "A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State- (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions." 47 U.S.C. § 227(b)(3).

18. "If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3).

19. "[A]n act may be 'intentional' for purposes of civil liability even if the actor lacked actual knowledge that [their] conduct violated the law." <u>Jerman v. Carlisle, McNellie, Rini, Kramer</u>, 130 S. Ct. 1605, 1612 (2010). *See also* <u>Kolstad v. American Dental Assn.</u>, 527 US 526, 549 (1999) (holding that willful violations can be found where a defendant acts with "careless" or

"reckless" disregard for federally protected rights).

20. Here, Defendant has used an "automatic telephone dialing system" to call the Plaintiff on his cellular telephone.

21. In the alternative Defendant has used a "predictive telephone dialing system" to call the Plaintiff on his cellular telephone.

22. The Defendant did not have Plaintiff's consent to contact his cell phone.

23. The Defendant made these calls with careless or reckless disregard that their conduct violated the law.

24. The Defendant made at least eighteen of these calls to the Plaintiff's cell phone.

25. The nature of the Defendant's conduct towards the Plaintiff implies that they have conducted these violations in a widespread manner.

WHEREFORE, Plaintiff requests this Honorable Court enter the following relief:

    a. Adjudging that Defendant violated 47 U.S.C. § 227;

    b. Enjoining the Defendant from any further violations of 47 U.S.C. § 227;

    c. Awarding Plaintiff statutory damages for each phone call made in violation of this statute, pursuant to 47 U.S.C. § 227(b)(3);

    d. Awarding Plaintiff triple damages for each phone call made because of willing violations of the statute pursuant to 47 U.S.C. § 227(b)(3);

    e. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

    f. Approve an award of attorneys' fees as appropriate for representing the class;

    g. Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT § 1692d(5)

26. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

27. The law prohibits a creditor from "[c]ausing a telephone to ring or engaging any person in a telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5).

28. The Defendant called the Plaintiff on his cellular phone in a continuous manner.

29. The Defendant called the Plaintiff twice a day on at least one occasion.

30. The Defendant communicated the same or a similar message to the Plaintiff with each call.

31. The Defendant's message was prerecorded and the Plaintiff was not able to respond to or communicate with its message.

32. The fact that this volume of calls were made to communicate the same recorded message to the Plaintiff indicates that these calls were made with the intent to annoy, abuse or harass the Plaintiff.

33. The high number of calls indicate that the calls were placed with the intent to annoy, abuse or harass the Plaintiff.

34. Defendant made these calls with intent to annoy, abuse or harass the Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a. Adjudging that Stellar Recovery, Inc. violated 15 U.S.C. §1692d(5);

    b. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

    c. Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. §1692k(a)(3);

    d. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under

the law; and,

e. Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692g

35. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

36. The Fair Debt Collections Practices Act requires that a notice containing the following validation rights must be delivered to the consumer within five days after the initial communication: "(1) the amount of the debt; (2) the name of the creditor; (3) a statement that the consumer has a right to dispute the validity of the debt; (4) a statement that if the consumer notifies the debt collector in writing that the debt is disputed, the debt collector will obtain verification of the debt and mail a copy of the verification to the consumer; and, (5) a statement that, upon the consumer's written request, the debt collector will provide the consumer with the name and address of the original creditor." 15 USC § 1692g(a).

37. The Plaintiff did not receive the statutorily required notice of his validation rights.

38. Upon information and belief the Defendant did not send Plaintiff a notice containing his validation rights.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Adjudging that Defendant Stellar Recovery, Inc. violated 15 U.S.C. §1692g;

b. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c. Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    d. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

    e. Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATIONS OF THE MAINE FAIR DEBT COLLECTION PRACTICES ACT §11012(1)(E)

39. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

40. The law prohibits a creditor from "[c]ausing a telephone to ring or engaging any person in a telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number." 32 M.R.S. c.109-A §11012(1)(E).

41. The Defendant called the Plaintiff on his cellular phone in a continuous manner.

42. The Defendant called the Plaintiff twice a day on at least one occasion.

43. The Defendant communicated the same or a similar message to the Plaintiff with each call.

44. The Defendant's message was prerecorded and the Plaintiff was not able to respond to or communicate with its message.

45. The fact that this volume of calls were made to communicate the same recorded message to the Plaintiff indicates that these calls were made with the intent to annoy, abuse or harass the Plaintiff.

46. The high number of calls indicate that the calls were placed with the intent to annoy, abuse or harass the Plaintiff.

47. Defendant made these calls with intent to annoy, abuse or harass the Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a. Adjudging that Defendant Stellar Recovery, Inc. violated 32 M.R.S. c.109-A

§11012(1)(E);

b. Awarding Plaintiff statutory damages, pursuant to 32 M.R.S. c.109-A §11054(1)(B), in the amount of $1,000.00;

c. Awarding Plaintiff's Attorneys' fees and costs as allowed by 32 M.R.S. c.109-A §11054(1)(D);

d. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

e. Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATIONS OF THE MAINE FAIR DEBT COLLECTION PRACTICES ACT §11013(1)(E)

**PLAINTIFF IS ENTITLED TO AND HEREBY DEMANDS TRIAL BY JURY**

48. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

49. The Maine Fair Debt Collections Practices Act requires that a notice containing the following validation rights must be delivered to the consumer within five days after the initial communication: "(A) the amount of the debt; (B) the name of the creditor to whom the Debt is owed; (C) A statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt or any portion of the debt the debt will be assumed to be valid by the debt collector; (d) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion of the debt, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of the verification or judgment will be mailed to the consumer by the debt collector; and mail a copy of the verification to the consumer; and, (5) a statement that, upon the consumer's written

request, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." 32 M.R.S. c.109-A §11014(1).

50. The Plaintiff did not receive the statutorily required notice of his validation rights.

51. Upon information and belief the Defendant did not send Plaintiff a notice containing his validation rights.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

52. Adjudging that Defendant Stellar Recovery, Inc. violated 32 M.R.S. c.109-A §11014(1);

53. Awarding Plaintiff statutory damages, pursuant to 32 M.R.S. c.109-A §11054(1)(B), in the amount of $1,000.00;

54. Awarding Plaintiff's Attorneys' fees and costs as allowed by 32 M.R.S. c.109-A §11054(1)(D);

55. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

56. Awarding such other and further relief as the Court may deem just and proper.

Dated: December 18, 2015

           Respectfully submitted,
           Counsel for the Plaintiff,

           /s/ Keith A. Mathews, Esq.
           ATTY. KEITH A. MATHEWS
           [BBO#005382]
           Associated Attorneys of New England
           587 Union Street
           Manchester, NH 03104
           Tel: (603) 622-8100
           Fax: (888) 912-1497
           keith@aaone.law